IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

UNITED STATES OF AMERICA,

        Plaintiff,

v.

$35,153.00 IN UNITED STATES CURRENCY,
$4,600.00 IN UNITED STATES CURRENCY,
2004 FORD F350 SUPER DUTY, VIN: 1FTSW31P44EB55728,
ONE GOLD BAR, and
110 PIECES OF ASSORTED JEWELRY,

        Defendants.
_____

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***
_____

        The United States of America, by and through United States Attorney John F. Walsh and Assistant United States Attorney Tonya S. Andrews, pursuant to Supplemental Rules for Admiralty, Maritime and Asset Forfeiture Claims G(2), states:

JURISDICTION AND VENUE

        1.     The United States of America (the "United States") has commenced this action pursuant to the civil forfeiture provisions of 21 U.S.C. § 881, seeking forfeiture of defendant property based upon violations of 21 U.S.C. § 801 et seq. This Court has jurisdiction under 28 U.S.C. §§ 1345 and 1355.

        2.     Venue is proper under 21 U.S.C. § 881(j) and 28 U.S.C. § 1395, as the defendant property is located, and all acts described herein occurred, in the District of Colorado.

## DEFENDANT PROPERTY

3.      Defendant property is more fully described as:

      a.      $35,153.00 in United States Currency, (defendant "$35,153.00") seized on August 19, 2014, at 10184 Vine Court, Thornton, Colorado.  Defendant $35,153.00 is currently being held by the United States Marshals Service, Denver, Colorado.

      b.      $4,600.00 in United States Currency, (defendant "$4,600.00") seized on August 19, 2014, at 10184 Vine Court, Thornton, Colorado.  Defendant $4,600.00 is currently being held by the United States Marshals Service, Denver, Colorado.

      c.      2004 Ford F350 Super Duty VIN 1FTSW31P44EB55728, (defendant "Ford F350") seized on August 18, 2014, at 10184 Vine Court, Thornton, Colorado.  Upon information and belief, defendant Ford F350 is registered in the name of Joel Gonzalez, and is unencumbered.  Defendant Ford F350 is currently being held by the United States Marshals Service, Denver, Colorado.

      d.      One 265 Gram Gold Bar, (defendant "Gold Bar") seized on August 19, 2014, at 10184 Vine Court, Thornton, Colorado.  Defendant Gold Bar is currently being held by the United States Marshals Service, Denver, Colorado.

      e.      110 Pieces of Assorted Jewelry, (defendant "Assorted Jewelry") seized on August 19, 2014, at 10184 Vine Court, Thornton, Colorado.  Defendant Gold Bar is currently being held by the United States Marshals Service, Denver, Colorado.

## FACTUAL BASIS FOR FORFEITURE

Except as otherwise noted, all of the following facts and information have been discovered through my own investigation and observations, and the observations and investigations of fellow law enforcement officers as reported to me.

4. Throughout July and August 2014, Denver Drug Enforcement Administration (DEA) investigated the drug trafficking activities of the Gonzalez Drug Trafficking Organization (DTO) using surveillance and telephone intercepts of several members of the DTO. The investigation showed that the Gonzalez DTO was responsible for the distribution of multiple pounds of methamphetamine on a monthly basis throughout the Denver metro area.

5. DEA received wire intercepts from telephones used by Juan Carlos Gonzalez (hereinafter, Carlos Gonzalez) and Monica Gonzalez indicating that Carlos Gonzalez was the source of supply of the methamphetamine for Monica Gonzalez, and others, who would then distribute the methamphetamine to buyers in the Denver metro area. Telephone calls made and received by Carlos Gonzalez also indicated that he coordinated the delivery of shipments of drugs from Mexico and California to Denver.

6. On July 15, 2014, and July 16, 2014, Monica Gonzalez received several phone calls from two of her drug distributors, Frank Hardy (Hardy) and Joe Baier (Baier), asking when Monica Gonzalez would be able to supply them with methamphetamine. Monica Gonzalez contacted Hardy and Baier to let them know that she would probably be able to meet that night, July 16, 2014.

7. On July 16, 2014, Monica Gonzalez received a telephone call from Carlos

Gonzalez. During the conversation, Carlos Gonzalez and Monica Gonzalez discussed that Carlos Gonzalez was behind in supplying Monica Gonzalez with methamphetamine and wanted to know if she wanted him to stop by that evening or early the next morning.

8. On July 17, 2014, Monica Gonzalez received a telephone call from Carlos Gonzalez. Carlos Gonzalez asked Monica Gonzalez if he should deliver the drugs to her house. Monica Gonzalez suggested he come over so that they could talk. Shortly thereafter, Monica Gonzalez called Carlos Gonzalez back and requested that he bring the drugs to their meeting.

9. On July 17, 2014, Carlos Gonzalez was observed leaving his residence at 4487 East 94th Drive, Thornton, Colorado, carrying a car seat and a box that he placed in the passenger side of his vehicle. Carlos Gonzalez arrived at Monica Gonzalez's residence located at 1201 West Thornton Parkway #54, Thornton, Colorado, and was seen carrying the box inside.

10. On July 22, 2014, and July 23, 2014, Carlos Gonzalez made several telephone calls to Monica Gonzalez that went straight to voice mail.

11. On July 23, 2014, Carlos Gonzalez was seen driving away from Motel 6 located at 83rd Place, Thornton, Colorado, where he was registered in room #116, and arriving at Monica Gonzalez's residence. Carlos Gonzalez was at Monica Gonzalez's residence for a short period of time and then drove back to the Motel 6. Carlos Gonzalez remained at the Motel 6 for approximately 10 minutes before returning to Monica Gonzalez's residence. Carlos Gonzalez was seen removing a black bag from the trunk of his car and carrying the bag to the back door of Monica Gonzalez's residence.

12. On July 25, 2014, Monica Gonzalez received a telephone call from Hardy asking if they could meet. Monica Gonzalez agreed and was seen leaving her residence and driving over to Hardy's residence located at 7220 Zuni Street, Denver, Colorado. She entered the apartment and then left a few minutes later.

13. Throughout July and August 2014, numerous calls were made and received between Carlos Gonzalez, Monica Gonzalez, Hardy, and Baier that all indicated that Carlos Gonzalez was supplying methamphetamine to Monica Gonzalez, who was then distributing to Hardy and Baier, and others. Following each of these telephone calls, surveillance officers observed multiple meetings between Carlos Gonzalez and Monica Gonzalez, followed by Monica Gonzalez meeting with Hardy and Baier, and others.

14. During surveillance, agents observed Carlos Gonzalez stopping on several occasions at Public Storage, unit #1811, located at 10455 Irma Drive, Northglenn, Colorado. The renters of unit #1811 are listed as Juan Carlos Gonzalez, Guillermina Villareal, and Joel Gonzalez.

15. On August 2, 2014, Carlos Gonzalez received a telephone call from Patrick Lorenzo (Lorenzo) asking Carlos Gonzalez to deliver a quantity of methamphetamine. Carlos Gonzalez was seen leaving his residence at 4487 East 94th Drive, Thornton, and drove to 10184 Vine Court, and then drove to the Public Storage. He stopped briefly at unit #1811, and then returned to his residence.

16. Carlos Gonzalez then texted Lorenzo to see if he was home. Carlos Gonzalez was then seen leaving his residence in defendant Ford F350 and arriving at Lorenzo's residence located at 14701 Huron Street, Westminster, Colorado, where he

met with Lorenzo, inside defendant Ford F350, to deliver methamphetamine.

17.   On August 11, 2014, agents observed Carlos Gonzalez arrive at Public Storage in defendant Ford F350 and retrieve a clear plastic bag from storage unit #1811 and place it in the passenger compartment of defendant Ford F350. Carlos Gonzalez then left Public Storage and met with Lorenzo at his residence at 14701 Huron Street, Westminster.

18.   Between August 4, 2014, and August 16, 2014, numerous telephone calls were intercepted between Carlos Gonzalez and a Mexican telephone number. During these calls, Carlos Gonzalez discussed the delivery of drugs to Denver, Colorado.

19.   On August 18, 2014, telephone calls to and from Carlos Gonzalez were intercepted, indicating that he would be meeting with someone driving a red Mini Cooper for a drug delivery.

20.   Later that afternoon, Carlos Gonzalez was seen leaving 10184 Vine Court, Thornton, Colorado. Agents had learned that Carlos Gonzalez had moved into the residence at 10184 Vine Court in early August 2014. Carlos Gonzalez drove to the Super 8 Motel in Henderson, Colorado, where he was scheduled to meet with the driver of the Mini Cooper.

21.   The driver of the Mini Cooper, identified as Oscar Ruvalcaba (Ruvalcaba), walked over to Carlos Gonzalez's car and spoke briefly with him. Ruvalcaba returned to the Mini Cooper and followed Carlos Gonzalez back to 10184 Vine Court, where he parked the Mini Cooper inside the garage.

22.   On August 18, 2014, and September 11, 2014, DEA agents and task force

officers with West Metro Drug Task Force arrested numerous members of the Gonzalez DTO, including Juan Carlos Gonzalez, Monica Gonzalez, Joseph Baier, Frank Hardy, Patrick Lorenzo, and Oscar Ruvalcaba.  Search warrants were also executed at the members' residences.

23. On August 18, 2014, a consent search was conducted for the residence of Monica Gonzalez located at 1201 West Thornton Parkway #54, Thornton, Colorado. During the search, agents found $20,905.00 in United States currency, 440.03 gross grams of methamphetamine, two digital scales, and .45 caliber handgun.

24. On August 19, 2014, shortly after the arrival of the Mini Cooper, a state search warrant was executed at 10184 Vine Court, Carlos Gonzalez's current residence. Agents found defendant $35,153.00 in a large safe on the main level of the home, defendant Jewelry in the same large safe, defendant $4,600.00 in the office on the main level of the home, and defendant Gold Bar in the north bedroom.  Also, two 12-gauge shotguns and a .22 caliber rifle were located in the residence.

25. Inside a small safe located in Carlos Gonzalez's bedroom, agents found 254.9 gross grams of methamphetamine and $67,050.00 in United States currency.

26. Agents searched the Mini Cooper and found approximately 39 pounds of methamphetamine underneath the floorboards.

27. On August 19, 2014, a search warrant was executed for storage unit #1811 at Public Storage located at 101455 Irma Drive, Northglenn, Colorado.  Inside the storage unit, agents found 407.9 gross grams of cocaine, 5,678.9 gross grams of methamphetamine, a 9mm handgun, and a R-22 handgun.

28.     On September 11, 2014, a search warrant was executed 7071 Ruth Way, Denver, Colorado, the residence of Joseph Baier.  Baier spoke with agents about his involvement with the Gonzalez DTO, and stated that he began buying methamphetamine from Monica Gonzalez in January 2014 and that he would purchase one to two ounces a week for $800.00 per ounce.

29.     On September 11, 2014, a search warrant was executed at 7220 Zuni Street, #208, Denver, Colorado, the residence of Frank Hardy.  Agents interviewed Hardy about his involvement with the Gonzalez DTO.   Hardy told agents that in 2013, he began buying methamphetamine from Carlos Gonzalez's father, Juan Dedios Gonzalez, who is currently incarcerated on drug charges.  Hardy stated that in January 2014, he began buying methamphetamine from Monica Gonzalez and would purchase ½ an ounce every one to two weeks for $400.00.  According to Hardy, Monica Gonzalez would usually deliver the methamphetamine on the same day and would bring it to his apartment.

30.     In September, 2014, Juan Carlos Gonzalez and numerous members of the Gonzalez DTO were indicted by the Colorado State Grand Jury and charged with numerous counts of Distribution of a Controlled Substance; state criminal case 14-cr-2695.

31.     In summary, there is reasonable cause to believe that the Gonzalez DTO is involved in illegal drug trafficking and that Juan Carlos Gonzalez is the main source of supply of methamphetamine for the DTO, and that defendant assets are forfeitable as

proceeds traceable to, and as property used or intended to be used in, illegal drug trafficking pursuant to 21 U.S.C. § 881(a)(4) and (6).

### VERIFICATION OF BRENNA MCINTOSH
### SPECIAL AGENT, DRUG ENFORCEMENT ADMINISTRATION

I, Special Agent, Brenna McIntosh, hereby state and aver under the pains and penalties of perjury that I have read the foregoing Factual Basis for Forfeiture and that the facts and information contained therein are true.

Brenna McIntosh
Special Agent - DEA

STATE OF COLORADO     )
                      ) ss
COUNTY OF ARAPAHOE    )

The foregoing was acknowledged before me this 15th day of January 2015 by Brenna McIntosh, Special Agent, Drug Enforcement Administration.

BRANDY L. PAYNE
Notary Public
State of Colorado
My Commission Expires December 06, 2015

Notary Public - Colorado
My Commission Expires: Dec 06, 2015

9

## FIRST CLAIM FOR RELIEF

32. The Plaintiff repeats and incorporates by reference the paragraphs above.

33. By the foregoing and other acts, defendant $35,153.00 constitutes money furnished or intended to be furnished by any person in exchange for a controlled substance, proceeds traceable to an exchange of controlled substances, and money used or intended to be used to facilitate a violation of 21 U.S.C. § 801, et seq. Therefore, defendant $35,153.00 is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

## SECOND CLAIM FOR RELIEF

34. The Plaintiff repeats and incorporates by reference the paragraphs above.

35. By the foregoing and other acts, defendant $4,600.00 constitutes money furnished or intended to be furnished by any person in exchange for a controlled substance, proceeds traceable to an exchange of controlled substances, and money used or intended to be used to facilitate a violation of 21 U.S.C. § 801, et seq. Therefore, defendant $4,600.00 is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

## THIRD CLAIM FOR RELIEF

36. The Plaintiff repeats and incorporates by reference the paragraphs above.

37. By the foregoing and other acts, defendant Ford F350 constitutes a vehicle used, and intended to be used, to transport, and in any manner to facilitate the transportation, sale, receipt, possession, or concealment, of controlled substances, and therefore, is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(4).

## FOURTH CLAIM FOR RELIEF

38. The Plaintiff repeats and incorporates by reference the paragraphs above.

39. By the foregoing and other acts, defendant Gold Bar constitutes proceeds traceable to an exchange of controlled substances in violation of 21 U.S.C. § 801, et seq., and therefore, is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

### FIFTH CLAIM FOR RELIEF

40. The Plaintiff repeats and incorporates by reference the paragraphs above.

41. By the foregoing and other acts, defendant Jewelry constitutes proceeds traceable to an exchange of controlled substances in violation of 21 U.S.C. § 801, et seq., and therefore, is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States prays for entry of a final order of forfeiture for the defendant property in favor of the United States, that the United States be authorized to dispose of the defendant property in accordance with law, and that the Court enter a finding of probable cause for the seizure of the defendant property and issue a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

DATED this 15th day of January, 2015.

Respectfully submitted,

JOHN F. WALSH
United States Attorney

By: *[signature]*
Tonya S. Andrews
Assistant United States Attorney
1225 Seventeenth Street, Ste. 700
Denver, Colorado 80202
Telephone: (303) 454-0100
Fax: (303) 454-0402
E-mail: tonya.andrews@usdoj.gov
*Attorney for Plaintiff*